IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JON GERMAIN and AMBER RHY,
on behalf of themselves and all others            OPINION AND ORDER
similarly situated,
                                                  13-cv-676-bbc
                    Plaintiffs,

         v.

BANK OF AMERICA, N.A.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed class action suit for statutory and punitive damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, plaintiffs Jon Germain and Amber Rhy allege that defendant Bank of America, N.A. obtained their credit reports and those of the proposed class members without a lawful purpose. Before the court is defendant's motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant contends that it was authorized to obtain plaintiffs' credit reports under § 1681b(a)(3)(F) because it held the mortgage on plaintiffs' residential properties. In the alternative, it argues that plaintiffs have failed to allege enough facts to establish that it acted willfully, which is a prerequisite to a claim for statutory damages. 15 U.S.C. § 1681n(a).

1

Because I conclude that plaintiffs' allegations are sufficient to state a claim and that questions of fact exist that cannot be resolved by the pleadings, defendant's motion will be denied.

Before setting forth the facts, I note that defendant relies on facts drawn from the court records in plaintiffs' bankruptcy proceedings. Because these filings are matters of judicial and public record and plaintiffs have not disputed their authenticity, I may take judicial notice of them without converting defendant's motion to dismiss into a motion for summary judgment. General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.").

From plaintiffs' complaint and the court documents submitted by defendants, I find the following facts for the purpose of deciding this motion.

BACKGROUND

Plaintiffs Jon Germain and Amber Rhy are residents and citizens of Wisconsin. Defendant Bank of America is a national bank organized under federal law with headquarters in Charlotte, North Carolina.

A. Plaintiff Germain

On October 27, 2008, Germain filed a Chapter 7 bankruptcy petition in the United States District Court for the Western District of Wisconsin, case no. 09-15674. He

scheduled defendant's predecessor, Countrywide Home Loans, as a creditor. On February 19, 2009, Germain received a Chapter 7 discharge of his debts, including his debt to defendant. In late 2012, Germain received a copy of his consumer report from Trans Union, a national credit reporting agency. Germain's consumer report reflects that defendant obtained access to his consumer report on eight separate occasions: January 1, 2012; February 8, 2012; March 7, 2012; March 9, 2012; March 26, 2012; November 29, 2012; December 26, 2012; and February 19, 2013.

Germain did not remain in the house financed by defendant after February 1, 2008, when defendant changed the locks. On March 16, 19 and 29, 2012; April 16, 2012; and September 19, 2012, he contacted defendant regarding a deed in lieu of foreclosure. On July 2, 2012 and October 10, 2012, Germain posted two short sale requests on defendant's website.

Between 2007 and 2013, Germain filed numerous documents in defense of two foreclosure proceedings. In one action, he asserted the affirmative defense that the foreclosure should be dismissed for defendant's failure to offer him loss mitigation prior to the foreclosure proceedings.

### B. Plaintiff Rhy

On October 3, 2009, Rhy filed a Chapter 7 bankruptcy petition in the United States District Court for the Western District of Wisconsin, case no. 09-17434. She scheduled defendant's predecessor, Countrywide Home Loans, as a creditor. On February 18, 2010,

Rhy received a Chapter 7 discharge of her debts, including her debt to defendant. In late 2012, Rhy received a copy of her consumer report from Trans Union. The report shows that defendant obtained access to Rhy's credit report once on January 1, 2012. After filing her bankruptcy petition, Rhy never contacted defendant regarding any sort of loan modification or workout program.

In her statement of intent filed in her bankruptcy action, Rhy elected to retain her property and continue to make ongoing payments to defendant. However, when she remained in default, defendant instituted foreclosure proceedings, which Rhy contested.

OPINION

A. Unlawful Use of Credit Reports

Under the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f), it is unlawful to "use or obtain" a credit report for any purpose that is not authorized by the Act. Gelman v. State Farm Mutual Automobile Insurance Co., 583 F.3d 187, 191 (3d Cir. 2009); Cole v. U.S. Capital, 389 F.3d 719, 731 n.14 (7th Cir. 2004). Section 1681b(a) allows a consumer reporting agency to furnish a consumer report:

> (3) To a person which it has reason to believe--
>
> > (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> > \* \* \*
>
> > (F) otherwise has a legitimate business need for the information--

>> (i) in connection with a business transaction that is initiated by the consumer; or
>
>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

Section 1681o allows consumers to bring a civil action to enforce violations of § 1681b(f).

In this case, plaintiffs allege that defendant did not have a lawful purpose for obtaining their credit reports because plaintiffs had discharged their mortgage debts to defendant in Chapter 7 bankruptcy proceedings, thereby terminating their "account" and any business relationship with defendant. Although the mortgages that defendant held on plaintiffs' properties constitute "interest[s] in real property that secure[] [defendant's] right to repayment," Johnson v. Home State Bank, 501 U.S. 78, 82 (1991), plaintiffs are correct that a discharge under the Bankruptcy Code extinguishes their personal liability with respect to their debts, 11 U.S.C. § 524(a)(1); id. at 85 n.5. In support of their argument, plaintiffs cite two cases in which federal district courts have rejected arguments that a mortgagee had a legitimate business need for an "account review" after the mortgagor had discharged the debt in bankruptcy proceedings. Godby v. Wells Fargo Bank, N.A., 599 F. Supp. 2d 934, 942 (S.D. Ohio 2008) (any need for an account review was only tangentially related to extension of credit because notwithstanding plaintiff's name on the title, the parties did not have an existing relationship); Barton v. Ocwen Loan Servicing LLC, 2012 WL 4449860, at *4-5 (Sept. 26, 2012) (finding question of fact existed on whether credit relationship existed between parties where mortgage had been discharged in bankruptcy but defendant continued to service mortgage) and 2013 WL 5781324, at *1-4 (D. Minn. Oct. 25, 2013)

5

(noting on summary judgment that short sale proposal, post-discharge payments and statement of intention on bankruptcy filing would not create credit relationship after bankruptcy discharge).

Defendant contends that unlike the creditors in Godby and Barton, it is clear from public court records that it had an ongoing business relationship with plaintiffs. Defendant points out that plaintiff Germain contacted defendant five times to request a deed in lieu of foreclosure and to post two short sale requests on defendant's website and that plaintiff Rhy elected to retain her property and make ongoing payments to defendant. (Although plaintiffs made similar allegations in Barton, defendant distinguishes that case on the ground that the court could not determine the existence of an ongoing relationship from the record before it.) Defendant also points out that plaintiffs challenged the subsequent foreclosure actions on their property. Johnson, 501 U.S. at 83 (citing 11 U.S.C. § 522(c)(2)) (creditor's right to foreclose on mortgage survives or "passes through" bankruptcy).

In support of its argument, defendant claims that courts have interpreted the Fair Credit Reporting Act as allowing a creditor to pull a credit report to review an account even where the account has been closed or the debt is no longer enforceable. E.g., Levine v. World Financial Network National Bank, 554 F.3d 1314, 1318 (11th Cir. 2009) ("[W]e cannot say that the term 'account' necessarily means 'an open account.'"); Wilting v. Progressive County Mutual Insurance Co., 227 F.3d 474, 476 (5th Cir. 2000) ("neither the Act nor the FTC's commentary on the Act suggests that a report may only be permissibly obtained during particular points in the parties' relationship").

At this stage, it is unnecessary to decide whether a credit relationship can remain after the debt is discharged or whether former creditors may pull credit reports on closed accounts. It is also unnecessary to determine whether plaintiffs had open accounts or an ongoing business relationship with defendants, because even if this were true, defendant may still have violated the Fair Credit Reporting Act.

Under the Act, a credit report may be furnished only when the requester "intends to use the information" for a proper purpose (such as an account review) or when it "has a legitimate business need for the information." 15 U.S.C. § 1681b(a). Neither the complaint nor the bankruptcy court records identify the reason why defendant pulled plaintiffs' credit reports. However, plaintiffs have alleged that defendant did not have a legitimate reason for doing so once they had discharged their debts with defendant. These allegations are sufficient to state a claim under the Fair Credit Reporting Act. In the absence of discovery and a more fully developed record, I cannot determine whether defendant pulled plaintiffs' reports for an improper purpose or for a legitimate business reason. As a result, I must deny defendant's motion to dismiss on this issue.

### B.  Willfulness

Plaintiffs may recover statutory damages up to $1,000 as well as punitive damages if they can show that defendant willfully failed to comply with the Fair Credit Reporting Act. 15 U.S.C. § 1681n(a). The standard is the same as in other cases involving punitive damages: whether the defendant knowingly or recklessly violated plaintiffs' rights, or, in

other words, whether the defendant knew of an "unjustifiably high" risk that a violation would occur or should have known of such a risk because it was obvious. Scheel-Baggs v. Bank of America, 575 F. Supp. 2d 1031, 1043 (W.D. Wis. 2008) (citing Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 68-69 (2007)). In Safeco, 551 U.S. at 69, the Court explained that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." As a result, whether conduct is willful under the Act is generally a question of fact. Godby, 599 F. Supp. 2d at 943.

As with the alleged underlying violation, the question whether defendant acted knowingly or relied on an unreasonable reading of the Act is a fact intensive one that cannot be resolved by the pleadings. Levine, 437 F.3d at 1122-23. Accordingly, defendant's motion to dismiss will be denied.

ORDER

IT IS ORDERED that defendant Bank of America, N.A.'s motion to dismiss, dkt. #30, is DENIED.

Entered this 2d day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge