IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JON GERMAIN and AMBER RHY,
on behalf of themselves and all others                        OPINION AND ORDER
similarly situated,
                                                                                13-cv-676-bbc
                    Plaintiffs,

      v.

BANK OF AMERICA, N.A.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil case, plaintiffs Jon Germain and Amber Rhy contend that defendant Bank of America, N.A. obtained their consumer reports without a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681. In an order dated November 7, 2014, I granted defendant's motion for summary judgment, entered judgment and closed the case. In that order, I also denied plaintiffs' motion for class certification because their claims lacked merit, making them inadequate class representatives. Id. Plaintiffs now ask the court "to reconsider [the] order of November 7, 2014," dkt. #77, at 1, which I construe as a motion to alter or amend the judgment under Fed. R. Civ. P. 52(b) or 59(e), and to reconsider the court's order on certification. Because plaintiffs have not identified any newly discovered evidence or a manifest error of law or fact to support their motion to alter or

1

amend the judgment, Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000), their motion will be denied.

OPINION

Plaintiffs argue that it was error to say in the summary judgment order that defendant pulled plaintiff Rhy's consumer report on January 1, 2012 for "loss mitigation." Instead, plaintiff says, defendant actually pulled the report as part of its policy of checking on consumers who had adjustable rate mortgages to determine their abilities to pay as their rates increased. Plaintiff is correct, but the error is immaterial to the outcome of the case. After the discharge of her mortgage debt, plaintiff Rhy continued to possess the collateral property and stated that she wished to continue making the payments on her home. As discussed in the order on summary judgment, plaintiff Germain's circumstances were similar to Rhy's at the time his consumer report was pulled on January 1, 2012 as part of the same policy. Because both plaintiffs had the option of making payments on their homes after the discharge of their debts, defendant continued to have a legitimate business purpose under the Fair Credit Reporting Act to obtain their consumer reports to determine whether they would be able to make their mortgage payments, especially if those payments were scheduled to increase.

Plaintiffs raised all their remaining arguments at summary judgment. Motions to alter or amend the judgment are not opportunities to re-argue issues already raised to the court. Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003). Further, for

the reasons discussed below, none of these arguments show that the court erred in the order on summary judgment and certification.

First, plaintiffs say that when defendant pulled the January 1, 2012 reports on customers with adjustable rate mortgages, it did not discriminate between customers whose mortgages had or had not been discharged in bankruptcy. Defendant's failure to make individual determinations about pulling consumer reports is not a violation of the Act; this activity is unlawful only when defendant pulls consumer reports for groups or individuals for whom it lacks a relationship or a legitimate business purpose for reviewing the report. In other words, the question for plaintiffs is whether defendant had a proper purpose under the Act to pull *their* consumer reports, which has been addressed above.

Next, plaintiffs say that one of defendant's representatives stated in his deposition that he did not know why the bank obtained plaintiff Germain's consumer report in November and December 2012 and that it was not clear whether those reports were ever reviewed by defendant. Plaintiffs argue that this shows that defendant did not have a proper purpose for obtaining or using their consumer reports under the Fair Credit Reporting Act. Plaintiffs do not argue that this representative worked on Germain's account personally. Thus, the fact that he did not know why defendant pulled the reports in those specific instances was not sufficient evidence to raise a genuine dispute as to defendant's purpose for obtaining the consumer reports. Furthermore, plaintiffs do not explain why obtaining consumer reports lawfully and then not using them constitutes a violation of the Act. Cf. McNall v. Credit Bureau of Josephine County, 689 F. Supp. 2d 1265, 1273 (D. Or. 2010)

(court found permissible purpose of debt collection under Act when defendant obtained consumer report for purpose of obtaining debtor plaintiff's mailing address but defendant already had plaintiff's address and did not use report).

Plaintiffs also argue that the court improperly expanded Congress's intent for the reach of the Act and that privacy statutes like this one should be read to provide consumers with the greatest privacy available under the statute. Nevertheless, Congress drafted the Fair Credit Reporting Act to give creditors permissible reasons to obtain debtors' consumer reports. In this case, plaintiffs agreed to enter into a credit relationship, failed to pay but continued to possess the collateral and sought to renegotiate the credit relationship. Plaintiffs have not shown why Congress would not have intended creditors to obtain their debtors' credit information in such circumstances.

Finally, plaintiffs argue that, under the court's argument in the order granting summary judgment, plaintiff Germain's request for a deed in lieu of foreclosure is sufficient to show that defendant had a permissible purpose for obtaining his consumer report under the Act. Because plaintiffs alleged that fact in their amended complaint yet the court did not grant dismissal, they say the court's orders on dismissal and summary judgment are incongruous. I denied the motion to dismiss because "[n]either the complaint nor the bankruptcy court records identif[ied] the reason why defendant pulled plaintiffs' credit reports." Dkt. #36, at 7. At summary judgment, defendant adduced evidence that their purposes were permissible under the Act and plaintiffs failed to genuinely dispute that

evidence, so defendant was entitled to judgment. Plaintiffs' argument is not a reason to alter that conclusion.

Even if the court erred in any of its conclusion, summary judgment should be granted in defendant's favor because plaintiffs have adduced no evidence that defendant acted willfully, as required under the Act when plaintiffs experience no actual damages, as is true in this case. 15 U.S.C. § 1681n(a). The question is whether defendant knowingly or recklessly violated plaintiffs' rights, or, in other words, whether the defendant knew or should have known of an "unjustifiably high" risk that a violation of the Act would occur. Scheel-Baggs v. Bank of America, 575 F. Supp. 2d 1031, 1043 (W.D. Wis. 2008) (citing Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 68-69 (2007)). Plaintiffs say defendant's reading of the statute was "objectively unreasonable." Even if I were to conclude that defendant's reading was wrong, I cannot conclude that its reading was "unreasonable," given that only one reported case, Godby v. Wells Fargo Bank, N.A., 599 F. Supp. 2d 934, 944 (S.D. Ohio 2008), supported plaintiffs' reading of the statute at the relevant time.

Accordingly, I am denying plaintiff's motion to alter or amend the judgment. Because plaintiffs have not shown that their claims have any merit, they have not shown why the court should reconsider the order denying certification, so I am denying their motion in this respect as well.

ORDER

IT IS ORDERED that plaintiffs Jon Germain's and Amber Rhy's motion to alter or amend the judgment and reconsider the order on certification, dkt. #78, is DENIED.

Entered this 5th day of February, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge